IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JESSIE SAVAGE and DANIEL SAVAGE | |
| Plaintiffs, | CASE NO: 23-CV-_____ |
| v. | COMPLAINT |
| FAMILY DOLLAR, LLC; COLE FD PORTFOLIO VIII, LLC; and DENT ENTERPRISES, LLC, | JURY TRIAL DEMANDED |
| Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PARTIES AND JURISDICTION**

1. Plaintiff Jessie Savage is a resident of the Town of Lancaster, County of Coos, and State of New Hampshire, with a mailing address of: 64 Lost Nation Road, Lancaster, NH 03584.

2. Plaintiff Daniel Savage ("Plaintiff's Spouse") is a resident of the Town of Lancaster, County of Coos, and State of New Hampshire, with a mailing address of: 64 Lost Nation Road, Lancaster, NH 03584.

3. Defendant Family Dollar, LLC ("Defendant Family Dollar") is a North Carolina limited liability company (mailing: 500 Volvo Parkway, Chesapeake, VA 23320); and a registered agent in New Hampshire of: Corporation Service Company, 10 Ferry Street, Suite 313, Concord, NH 03301.

4. Defendant Cole FD Portfolio VIII, LLC ("Defendant Cole") is a Delaware limited liability company (mailing: 11995 El Camino Real, San Diego, CA 92130); and a

1

registered agent in New Hampshire of: Corporation Service Company, 10 Ferry Street, Suite 313, Concord, NH 03301.

5. Defendant Dent Enterprises, LLC d/b/a Dentco ("Defendant Dentco") is a Michigan limited liability company (mailing: 1161 East Clark Road, Suite 124, DeWitt, MI 48820-8312), with no registered agent in New Hampshire, but which upon information and belief conducts continuous and substantial business in this State.

6. At all times relevant hereto, Defendant Family Dollar operated a commercial retail store located at 183 Main Street in Lancaster, New Hampshire, located on real estate owned by Defendant Cole FD; and which, upon information and belief, was maintained, at least in part, by Defendant Dentco.

7. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, in no small part due to her amount of proximately caused medical bills in the current amount of $81,795.46.

8. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between Plaintiffs and Defendants.

## FACTS

9. On November 18, 2021, Defendant Cole FD owned commercial real estate located at 183 Main Street, Lancaster, New Hampshire ("the Property").

10. The Property includes a commercial retail store ("the Store"), operated by Defendant Family Dollar, which is open to the general public.

11. On November 18, 2021, Plaintiff arrived by passenger vehicle to the Property, stepped out of her vehicle, and stepped upward and onto a raised walkway immediately adjacent to the front of the Store.

12. While stepping on the raised walkway (and <u>not</u> in or on the vehicle parking area), Plaintiff slipped and fell, due to the walkway being snowy and/or icy, untreated, and otherwise dangerous, with no warning as to its dangerous condition.

13. As a result of slipping and falling on the poorly maintained walkway, Plaintiff landed violently on the ground, severely injuring her left hip and knee, including injuries to and fractures of her left femur, and likely also causing a concussion, among other injuries.

### COUNT I – NEGLIGENCE
### against DEFENDANT FAMILY DOLLAR, LLC

14. In a plea of the case, the previous paragraphs are re-alleged herein.

15. As the occupier and commercial tenant of the Property, Defendant Family Dollar had a duty to properly maintain the premises, including the outdoor known travel paths, in a reasonably safe manner, to monitor and/or prevent the formation and/or accumulation of ice and/or snow on the known travel paths, to properly treat icy and/or snowy conditions on the known travel paths to lessen the risk of falls, to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and to otherwise own, operate and maintain the Property in conformity with the common law of the State of New Hampshire, so as not to endanger the lives and safety of those who used the walkways on the premises, such as the Plaintiff.

16. Yet, nevertheless, Defendant Family Dollar breached these duties to Plaintiff, in that it failed to properly maintain the premises, including the outdoor known travel paths, in a

16. reasonably safe manner, failed to monitor and/or prevent the formation and/or accumulation of ice and/or snow on the known travel paths, failed to properly treat icy and/or snowy conditions on the known travel paths in order to lessen the risk of falls, failed to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and otherwise failed to use due care in the ownership, operation and maintenance of the premises.

17. As a direct and proximate result of the actions of Defendant Family Dollar, as described above, the Plaintiff sustained severe, painful, and permanent injuries including, without limitation, a left femur fracture, other injuries to her left leg, hip, and knee, a concussion resulting in decreased memory and cognitive abilities, impaired mobility and balance directly causing a later fall also requiring medical care and attention, and other personal injuries all requiring her to incur hospital and other medical care and expenses (past, present, and future), including surgery, physical and mental pain and suffering (past, present, and future), temporary and permanent impairment, loss of enjoyment of life (past, present, and future), mileage / travel expense, and other injuries and losses.

18. Wherefore, the Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Family Dollar.

## COUNT II – NEGLIGENCE
## against DEFENDANT COLE FD PORTFOLIO VIII, LLC

19. In a plea of the case, the previous paragraphs are re-alleged herein.

20. As the owner of the Property (a commercial use building), Defendant Cole FD had a non-delegable duty to properly maintain the premises including the outdoor known travel paths, in a reasonably safe manner, to monitor and/or prevent the formation and/or

accumulation of ice and/or snow on the known travel paths, to properly treat icy and/or snowy conditions on the known travel paths to lessen the risk of falls, to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and to otherwise own, operate and maintain the Property in conformity with the common law of the State of New Hampshire, so as not to endanger the lives and safety of those who used the walkways on the premises, such as the Plaintiff.

21. Yet, nevertheless, Defendant Cole FD breached these duties to Plaintiff, in that it failed to properly maintain the premises, including the outdoor known travel paths, in a reasonably safe manner, failed to monitor and/or prevent the formation and/or accumulation of ice and/or snow on the known travel paths, failed to properly treat icy and/or snowy conditions on the known travel paths in order to lessen the risk of falls, failed to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and otherwise failed to use due care in the ownership, operation and maintenance of the premises.

22. As a direct and proximate result of the actions of Defendant Cole FD, as described above, Plaintiff sustained severe, painful, and permanent injuries, as described above.

23. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Cole FD.

### COUNT III – NEGLIGENCE
### against DEFENDANT DENT ENTERPRISES, LLC d/b/a DENTCO

24. In a plea of the case, the previous paragraphs are re-alleged herein.

25. Upon information and belief, Defendant Family Dollar contracted with Defendant Dentco to perform maintenance services, including but not limited to wintertime outdoor maintenance services, with respect to the Store.

26. As the contractor responsibility for wintertime outdoor maintenance services on the Property and for the Store, Defendant Dentco had a duty to properly maintain the premises including the outdoor known travel paths, in a reasonably safe manner, to monitor and/or prevent the formation and/or accumulation of ice and/or snow on the known travel paths, to properly treat icy and/or snowy conditions on the known travel paths to lessen the risk of falls, to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and to otherwise own, operate and maintain the Property in conformity with the common law of the State of New Hampshire, so as not to endanger the lives and safety of those who used the walkways on the premises, such as the Plaintiff.

27. Yet, nevertheless, Defendant Dentco breached these duties to Plaintiff, in that it failed to properly maintain the premises, including the outdoor known travel paths, in a reasonably safe manner, failed to monitor and/or prevent the formation and/or accumulation of ice and/or snow on the known travel paths, failed to properly treat icy and/or snowy conditions on the known travel paths in order to lessen the risk of falls, failed to warn those using the known travel paths of the formation and/or accumulation of ice and/or snow on the known travel paths, and otherwise failed to use due care in the ownership, operation and maintenance of the premises.

28. As a direct and proximate result of the actions of Defendant Dentco, as described above, Plaintiff sustained severe, painful, and permanent injuries, as described above.

29. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Dentco.

### COUNT IV – LOSS OF CONSORTIUM – AGAINST ALL DEFENDANTS

30. In a plea of the law, the preceding paragraphs are realleged and reincorporated herein.

31. At all times relevant hereto, Daniel Savage was the lawful spouse of Plaintiff.

32. As a direct and proximate result of the injuries to Plaintiff, caused by the Defendants herein, Plaintiff's Spouse has suffered the loss of consortium of his spouse, including the loss of her care, companionship, society and the affections of his spouse and other injuries to the marital relationship.

33. Said losses are all to the damage of the Plaintiff's Spouse, as he says, in serious and substantial amounts.

34. Wherefore, Plaintiff's Spouse has been damaged and demands a trial by jury and an award of damages from the Defendants.

**WHEREFORE, PLAINTIFFS REQUEST THAT THIS HONORABLE COURT:**

A. Grant them a trial by jury and an award of damages from Defendants;

B. Issue and apportion judgment against said Defendants on the basis of joint and several liability, consistent with New Hampshire statutory law;

C. Grant them prejudgment interest and all taxable costs; and,

D. Grant them such other and further relief as may be just and equitable.

> Jessie Savage and Daniel Savage
> By their attorneys
> *Waystack Frizzell, Trial Lawyers*

Dated: April 26, 2023                         /s/ Jonathan Frizzell
                                              Jonathan S. Frizzell, Esquire
                                              N.H. Bar No. 12090
                                              133 Main Street, P.O. Box 507
                                              Lancaster, NH  03584
                                              (603) 788-4244
                                              jon@waystackfrizzell.com